IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:04-cr-00010-MCR-AK

ALFRED COUZZORT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 130, Motion to Vacate under 28 U.S.C. § 2255, by Alfred Couzzort. Defendant acknowledges that the motion is untimely but seeks the application of equitable tolling to bring his ineffective assistance of counsel claims properly before this Court. Having carefully considered the matter, the Court recommends that the motion be denied as untimely.

Defendant pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute more than fifty grams of methamphetamine or more than five hundred grams of a mixture containing methamphetamine. Docs. 77-79. On August 7, 2004, he was sentenced to 144 months imprisonment, and judgment was entered on August 16, 2004. Docs. 115 & 120. Defendant did not appeal the sentence, though he maintains that he directed counsel to do so, and thus, his conviction became final ten days after entry of judgment. *See* Fed. R. App. P. 4(b)(1) and 26(a). The instant motion was filed on February 12, 2007, the date the

motion was delivered to prison personnel for mailing, approximately two and one-half years out of time under § 2255(1).

Defendant does not claim a later date for starting the statute of limitations under § 2255(4),[1] but rather, as initially noted, he argues that the time for bringing the instant motion should be equitably tolled because he "thought that the appeal was proceeding," since he had instructed counsel immediately after sentencing to file an appeal on his behalf. Doc. 130 at 13. "[O]nce he realized his direct appeal had not been filed," Defendant "investigated" § 2255 relief only to discover "that he was beyond the limitations period...." *Id*. Defendant's mother then secured copies of the court file from the Clerk, which were returned to her by the institution when she mailed them to Defendant herself, rather than having them mailed directly from the Court to Defendant. Eventually, Defendant received copies of the requested documents from the Clerk, and in Defendant's view, he "[i]n essence...exercised due diligence once he found out about the time limitations." *Id*. at 14.

In support of these assertions, Defendant attaches affidavits from himself and his mother. According to Defendant's affidavit, "after sentencing" he told his attorney "to file an appeal regarding my sentence. [She] did advise against an appeal but I insisted she file the appeal." Doc. 130, Couzzort Aff. at 2. He further avers that while he was still in the "federal hold-over

---

[1] Under § 2255(4), the one-year limitations period begins to run on the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." This limitations period "begins to run when the facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002) (emphasis in original). As will be more fully explored *infra* in the context of equitable tolling, Defendant acted with no amount of diligence after October 13, 2004, to determine whether his attorney had carried out his directions regarding an appeal, and thus, he is not entitled to relief under this subsection.

*Case No: 5:04-cr-00010-MCR-AK*

facility," he attempted to contact counsel regarding his appeal "on a number of occasions," but because the "phone exchange at the federal facility was incompatible with [counsel's] exchange," he was unable to reach her. *Id*. at 2-3. Defendant therefore asked his mother to contact counsel regarding the status of his appeal. *Id*. at 3.

In turn, Defendant's mother states:

> [A]fter my son...was sentenced in federal court...he...called me from the federal hold-over facility. He explained to me that he could not reach [counsel]...because the facilities [sic] phone system was incompatible with [counsel's]....[M]y son wanted me to call [counsel] and find out about the filing of his appeal regarding his federal sentence. I called [counsel] and informed her that my son had asked me to call her because he could not get through to her. I told [her] that my son wanted to know the status of his appeal. [Counsel] told me she could not elaborate on the appeal and that she could talk only to my son about the appeal then [counsel] terminated the call. I talked to my son about the conversation....My son asked me to again call Ms. Higgins and tell her he had already told her to file the appeal. I did as my son requested and [counsel] told me that my son should not worry because he would only do one-third of the sentence, and if he needed anything more from her my son would have to hire her as his attorney. [Counsel] did not reveal to me the status of my son's appeal or if she had even filed the appeal.

Doc. 130, Camp Aff. at 1-2.

"[I]n the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id*.

Defendant does not advise the Court in which federal hold-over facility he was incarcerated when the calls to counsel were made. However, while the Court cannot determine from the record the precise date that Defendant was removed from this district, it does know that Defendant was transported to USP Atlanta before finally being delivered to USP McCreary, Pine

Knot, Kentucky, on October 13, 2004. Doc. 126. Thus, the Court believes it appropriate to conclude that the calls to counsel were made between August 4, 2004, and October 13, 2004. While the Court has no hesitation in finding that Defendant did act diligently in making initial contact with counsel after sentencing, it cannot conclude that thereafter he acted with any degree of diligence, much less the diligence required for the application of equitable tolling. After October 13, 2004, Defendant did not take any steps to determine whether his counsel had indeed followed his directions regarding an appeal. The last conversation which Defendant had with counsel was indirectly through his mother. At that time, counsel essentially told Defendant's mother that she did not represent Defendant any longer. Once Defendant was advised of counsel's position–which the Court accepts as true for present purposes only–he should, at the very least, have made some attempt, either telephonically or in writing, to contact either counsel, the Clerk of this Court, the clerk of the Eleventh Circuit, or the District Judge who handled the underlying criminal proceedings to inquire regarding the status of his appeal. In light of the circumstances, the Court does not believe it was reasonable for Defendant to allow even one year to pass without making some minimal amount of inquiry, but even giving Defendant the benefit of twelve to eighteen months, he still allowed an additional year to elapse before filing the instant motion. When he received no communication from any court or any attorney regarding an appeal, a reasonable defendant would have been proactive and, at a minimum, secured a copy of the docket sheet in this case, a cursory review of which would have readily revealed that counsel had not followed Defendant's directions. Thus, Defendant's failure to file the instant motion timely did not occur because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence, and equitable tolling should not be applied in this

case.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate filed by Defendant Alfred Couzzort, Doc. 130, be **DENIED as untimely**.

**IN CHAMBERS** at Gainesville, Florida, this *12th* day of March, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**